FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2018 JUN -6  PM 2:48

CLERK _____
SO. DIST OF GA.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **INDICTMENT NO.** |
| | ) | |
| **v.** | ) | **Counts 1–39:** |
| | ) | **21 U.S.C. § 841(a)(1)** |
| | ) | **Unlawful Dispensation of** |
| **FRANK H. BYNES, JR.** | ) | **Controlled Substances** |
| | ) | |
| | ) | **Counts 40-48:** |
| | ) | **18 U.S.C. § 1347** |
| | ) | **Health Care Fraud** |
| | ) | |
| | ) | |
| | ) | **Forfeiture Allegation** |
| | ) | |

CR 4 18 153

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

At all times relevant to the conduct in this Indictment:

1.     Dr. Frank H. Bynes, Jr. ("**BYNES**") was a licensed physician who purportedly worked as an internal medicine physician at several clinics within the Southern District of Georgia. While working at these clinics, **BYNES** wrote massive numbers of prescription narcotics and other controlled substances, including a cocktail of opioids (oxycodone, hydrocodone, etc.), benzodiazepines (alprazolam), and carisoprodol (Soma), which is commonly known as the "Holy Trinity," "Unholy Trinity," or "Houston Cocktail." This "cocktail" of controlled substances is a high-risk combination because of the risk of overdose or death. Health care benefit programs, including Medicaid, paid for these prescriptions unlawfully written by **BYNES**.

2.   **BYNES** knowingly and intentionally distributed and dispensed, and caused to be distributed and dispensed, controlled substances that were not prescribed for a legitimate medical purpose and which were not distributed and dispensed in the usual course of professional practice in one or more of the following manners:

a.  Without adequate verification of the patient's medical condition;

b.  Without adequate and reliable patient medical history to verify the accuracy of the patient's statements to the physician or other clinic personnel;

c.  Without performance of a complete or adequate physical or neurological examination;

d.  Without establishment of a true diagnosis;

e.  Without the use of appropriate diagnostic or laboratory testing;

f.  Without sufficient dialogue with the patient regarding treatment options (such as physical therapy or surgery), and risks and benefits of such treatments;

g.  Without establishing a treatment plan;

h.  Without consideration of or discussion with the patient regarding alternatives to treatment other than controlled substances;

i.  Without referral of the patient to a specialist in an effort to identify and correct the patient's alleged pain, or treat the patient for psychological dysfunctions by, for example, addiction counseling;

j.  Without any assessment of an individual patient's risk of abuse of controlled substances; and

k.  By prescribing inappropriate combinations of drugs to patients;

l.  Beginning no later than June 2015 and at various times since then, by engaging in or after having engaged in unprofessional conduct with female patients.

<u>Federal Controlled Substance Laws and Regulations</u>

3.  The Controlled Substances Act, 21 U.S.C. § 801 et seq. ("CSA"), governs the manufacture, distribution, and dispensing of controlled substances in the United States.

4.  The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and those controlled substances are then assigned to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

5.  With limited exceptions, the CSA makes it "unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense ... a controlled substance," or conspire to do so.  Medical practitioners authorized to prescribe or dispense controlled substances by the jurisdiction in which they are licensed to practice medicine are authorized under the CSA to write prescriptions for, or otherwise dispense, controlled substances if they obtain a registration from the

Attorney General of the United States.   21 U.S.C. § 822(b); 21 C.F.R. § 290.1. Pursuant to Title 21 of the Code of Federal Regulations, Section 1306.04(a), medical practitioners registered with the DEA may lawfully issue a prescription for a controlled substance only if the prescription is "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."

<u>Federal Health Care Fraud and Abuse Laws and Regulations</u>

6.      The Georgia Medicaid Program, a "health care benefit program" as defined by 18 U.S.C § 24, provides benefits to certain low-income individuals and families in Georgia. Georgia Medicaid is funded by both the federal government and through state funds. Medicaid is administered, at the federal level, by the United States Department of Health and Human Services ("HHS") through its agency, the Centers for Medicare and Medicaid Services ("CMS"). In Georgia, Medicaid is administered by the Georgia Department of Community Health ("GDCH").

7.      Individuals who receive benefits under Georgia Medicaid are commonly referred to as "beneficiaries" or "recipients."

8.      A Medicaid "provider" is any organization, institution, or individual that provides health care services, items, and benefits, to beneficiaries for which payments may be made by a health care benefit program.

9.      A physician who issues a prescription for a beneficiary to obtain controlled substances provides a health care service, item, or benefit.

4

10.     A provider can submit bills, known as "claims," in order to obtain reimbursement for items or services provided to beneficiaries.  Claims to Medicaid are typically submitted electronically and require certain information, including (a) the beneficiary's name and identification number, (b) identification of the benefit, item, or service provided or supplied to the beneficiary, (c) the billing code for the benefit, item, or service, (d) the date upon which the benefit, item, or health services was provided, and (e) the name and National Provider Identifier ("NPI") of the physician that ordered the service, treatment, benefit, or item.

11.     When a provider issues a prescription for a drug to a beneficiary, the beneficiary commonly has that prescription filled by a retail pharmacy. The retail pharmacy, in turn, will submit a claim to the beneficiary's health care benefit program to be reimbursed for the drug dispensed. The claim submitted by the pharmacy contains the ordering practitioner's NPI.

12.     To qualify for payment, the health care benefit, item, or service must have been medically necessary and otherwise comply with all applicable federal and state laws.  For prescriptions, this requires a valid prescription issued for a legitimate medical purpose by an authorized individual practitioner acting in the usual course of his professional practice.

## COUNT 1 THROUGH 6
*Unlawful Dispensation Of Controlled Substances*
21 U.S.C. § 841(a)(1)

13.     Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

14.   From on or about May 2016 and continuing through on or about February 2017, in Chatham County, within the Southern District of Georgia, the defendant,

**FRANK H. BYNES, JR.,**

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, controlled substances, to wit: hydrocodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance, and carisoprodol, a Schedule IV controlled substance; and others as listed below, all to S.P., by issuing prescriptions not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 1 | S.P. | Jan 2, 2017 | Alprazolam 2 MG | 120 | IV |
| 2 | S.P. | Jan 2, 2017 | Oxycodone HCL 30 MG | 120 | II |
| 3 | S.P. | Jan 10, 2017 | Carisoprodol 350 MG | 90 | IV |
| 4 | S.P. | Jan 10, 2017 | Dextroamp-amphetamin 30 MG | 90 | II |
| 5 | S.P. | Jan 16, 2017 | Hydrocodone-Chlorphen ER SUSP | 230 | II |

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|---|---|---|---|---|---|
| 6 | S.P. | Jan 21, 2017 | Hydrocodone combination product 10-325 | 240 | II |

## COUNT 7 THROUGH 12
*Unlawful Dispensation Of Controlled Substances*
21 U.S.C. § 841(a)(1)

15.     Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

16.     From on or about July 2015 and continuing through on or about September 2017, in Chatham County, within the Southern District of Georgia, the defendant,

### FRANK H. BYNES, JR.,

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, controlled substances, to wit: oxycodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance, and carisoprodol, a Schedule IV controlled substance; and others as listed below, all to D.S., by issuing prescriptions not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 7 | D.S. | Nov 14, 2015 | Alprazolam 2 MG | 30 | IV |
| 8 | D.S. | Nov 14, 2015 | Alprazolam 2 MG | 90 | IV |

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|---|---|---|---|---|---|
| 9 | D.S. | Nov 14, 2015 | Carisoprodol 350 MG | 90 | IV |
| 10 | D.S. | Nov 14, 2015 | Dextroamp-amphetamin 30 MG | 60 | II |
| 11 | D.S. | Nov 14, 2015 | Oxycodone HCL 30 MG | 120 | II |
| 12 | D.S. | Nov 16, 2015 | Fentanyl 50 MCG/HR Patch | 10 | II |

## COUNT 13 THROUGH 17
*Unlawful Dispensation Of Controlled Substances*
21 U.S.C. § 841(a)(1)

17.     Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

18.     From on or about October 2015 and continuing through on or about September 2016, in Chatham County, within the Southern District of Georgia, the defendant,

### FRANK H. BYNES, JR.,

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, controlled substances, to wit: oxycodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance, and carisoprodol, a Schedule IV controlled substance; and others as listed below, all to A.D., by issuing prescriptions not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|---------------------|----------|----------|
| 13 | A.D. | Oct 20, 2015 | Alprazolam 2 MG | 90 | IV |
| 14 | A.D. | Oct 20, 2015 | Carisoprodol 350 MG | 90 | IV |
| 15 | A.D. | Oct 20, 2015 | Dextroamp-amphetamin 30 MG | 60 | II |

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 16 | A.D. | Oct 20, 2015 | Oxycodone HCL 15 MG | 120 | II |
| 17 | A.D. | Oct 20, 2015 | Oxycodone HCL 30 MG | 120 | II |

## COUNT 18 THROUGH 28
*Unlawful Dispensation Of Controlled Substances*
21 U.S.C. § 841(a)(1)

19.     Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

20.     From on or about July 2015 and continuing through on or about April 2016, in Chatham County, within the Southern District of Georgia, the defendant,

### FRANK H. BYNES, JR.,

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, controlled substances, to wit: oxycodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance, and carisoprodol, a Schedule IV controlled substance; and others as listed below, all to G.L., by issuing prescriptions not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 18 | G.L. | Mar 3, 2016 | Oxycodone combination product 10-325 | 120 | II |
| 19 | G.L. | Mar 4, 2016 | Oxycodone HCL 15 MG | 120 | II |
| 20 | G.L. | Mar 5, 2016 | Alprazolam 2 MG | 120 | IV |

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|:-----:|:-------:|:----:|:--------------------:|:--------:|:--------:|
| 21 | G.L. | Mar 5, 2016 | Dextroamp-amphetamin 30 MG | 60 | II |
| 22 | G.L. | Mar 7, 2016 | Oxycodone HCL 30 MG | 120 | II |
| 23 | G.L. | Mar 10, 2016 | Carisoprodol 350 MG | 90 | IV |
| 24 | G.L. | Mar 17, 2016 | Oxycodone combination product 10-325 | 120 | II |
| 25 | G.L. | Mar 23, 2016 | Alprazolam 2 MG | 120 | IV |
| 26 | G.L. | Mar 23, 2016 | Oxycodone HCL 15 MG | 120 | II |
| 27 | G.L. | Mar 23, 2016 | Oxycodone HCL 30 MG | 120 | II |
| 28 | G.L. | Mar 28, 2016 | Dextroamp-amphetamin 30 MG | 60 | II |

## COUNT 29 THROUGH 33
*Unlawful Dispensation Of Controlled Substances*
21 U.S.C. § 841(a)(1)

21.    Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

22.    From on or about July 2015 and continuing through on or about September 2017, in Chatham County, within the Southern District of Georgia, the defendant,

### FRANK H. BYNES, JR.,

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, controlled substances, to wit: oxycodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance, and carisoprodol, a Schedule IV controlled substance; and others as listed below, all to C.S., by issuing prescriptions not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 29 | C.S. | Sep 1, 2017 | Alprazolam 2 MG | 90.0 | IV |
| 30 | C.S. | Sep 1, 2017 | Carisoprodol 350 MG | 90.0 | IV |

14

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 31 | C.S. | Sep 1, 2017 | Oxycodone HCL 15 MG | 120.0 | II |
| 32 | C.S. | Sep 1, 2017 | Oxycodone HCL 30 MG | 120.0 | II |
| 33 | C.S. | Sep 1, 2017 | Zolpidem Tartrate 10 MG | 30.0 | IV |

## COUNTS 34 THROUGH 38
*Unlawful Dispensation Of Controlled Substances*
21 U.S.C. § 841(a)(1)

23.     Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

24.     From on or about August 2015 and continuing through on or about September 2017, in Chatham County, within the Southern District of Georgia, the defendant,

### FRANK H. BYNES, JR.,

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, controlled substances, to wit: oxycodone, a Schedule II controlled substance; alprazolam, a Schedule IV controlled substance, and carisoprodol, a Schedule IV controlled substance; and others as listed below, all to M.B., by issuing prescriptions not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 34 | M.B. | Sep 18, 2017 | Alprazolam 2 MG | 90.0 | IV |
| 35 | M.B. | Sep 18, 2017 | Carisoprodol 350 MG | 90.0 | IV |

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 36 | M.B. | Sep 18, 2017 | Dextroamp-amphetamin 30 MG | 60.0 | II |
| 37 | M.B. | Sep 18, 2017 | Oxycodone HCL 15 MG | 120.0 | II |
| 38 | M.B. | Sep 18, 2017 | Oxycodone HCL 30 MG | 120.0 | II |

## COUNT 39
### *Unlawful Dispensation Of Controlled Substances*
### 21 U.S.C. § 841(a)(1)

25.    Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

26.    From on or about October 27, 2016, in Chatham County, within the Southern District of Georgia, the defendant,

### FRANK H. BYNES, JR.,

who at all times hereinafter mentioned was a medical doctor licensed by the State of Georgia and registered by the United States, aided and abetted by others known and unknown, did knowingly and intentionally dispense and cause to be dispensed, to R.R. oxycodone, a Schedule II controlled substance, by issuing a prescription not for a legitimate medical purpose and not in the usual course of professional practice, through the operation of the aforementioned "pill mill," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2):

| Count | Patient | Date | Controlled Substance | Quantity | Schedule |
|-------|---------|------|----------------------|----------|----------|
| 39 | R.R. | Oct. 27, 2016 | Oxycodone HCL ER 40 MG | 90 | II |

## COUNT 40 THROUGH 48
### *Health Care Fraud*
### 18 U.S.C. §§ 1347 and 2

27.     Paragraphs 1 through 12 of the Introduction section of this Indictment are realleged and incorporated fully herein by reference.

28.     Beginning not later than January 2014, the exact date being unknown, and continuing until on or about August 2017, in the Southern District of Georgia and elsewhere, the defendant herein,

### FRANK H. BYNES, JR.

aided and abetted by others both known and unknown, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicaid and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicaid, in connection with the delivery of and payment for health care benefits, items and services.

### Executions

29.     To execute and attempt to execute the scheme and artifice, Defendant **BYNES**, aided and abetted by others both known and unknown, caused to be submitted false and fraudulent claims to Medicaid including but not limited to those set forth in the table below on or about the dates listed below, for controlled substances dispensed and distributed to the beneficiary identified in the "Patient" column that were prescribed by **BYNES**, when **BYNES** knew that the prescriptions were not issued for a legitimate medical purpose by an authorized individual

practitioner acting in the usual course of professional practice and, therefore, were ineligible for reimbursement:

| Count | Patient | Date | Claim | Amount | Controlled Substance |
|---|---|---|---|---|---|
| 40 | D.S. | 11/14/2015 | 248823379 | $59.22 | Oxycodone 30 MG |
| 41 | D.S. | 11/14/2015 | 248825110 | $10.05 | Alprazolam 2 MG |
| 42 | D.S. | 11/16/2015 | 249064156 | $108.24 | Fentanyl 50MCG/HR |
| 43 | G.L. | 3/3/2016 | 160633982961122 | $433.10 | Oxycodone 10-325 MG |
| 44 | G.L. | 3/4/2016 | 160646399136101 | $234.38 | Oxycodone 15 MG |
| 45 | G.L. | 3/5/2016 | 160653047367063 | $130.44 | Amphet/Dextr 30 MG |
| 46 | G.L. | 3/5/2016 | 160653051672171 | $242.81 | Alprazolam 2 MG |
| 47 | G.L. | 3/7/2016 | 160674754404064 | $437.72 | Oxycodone 30 MG |
| 48 | G.L. | 3/10/2016 | 160706112847173 | $117.06 | Carisoprodol 350 MG |

All done in violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATION

The allegations contained in Count One through and including Count Nine of this Indictment are hereby realleged and incorporated by reference for purposes of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7) and Title 21, United States Code, Section 853.

Upon conviction of one or more of the Title 21 offenses set forth in Counts One through Eight of this Indictment, the defendant, **FRANK H. BYNES, JR.,** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property (1) constituting or derived from proceeds the defendant obtained directly or indirectly as a result of said offense(s) and all property traceable to such property; and (2) any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s), including, but not limited to $11,239.00 in U.S. Currency seized from Georgia Laboratory Diagnostics, LLC.

Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of Count Nine of this Indictment, charging the defendant, **FRANK H. BYNES JR** with a Federal health care offense, the Court shall order forfeiture of property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

        (1)    cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third

        person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be

        subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), either standing alone or as incorporated

by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code,

Section 2461(c).


                            True Bill


_____

                    *(signatures on next page)*

Bobby L. Christine
United States Attorney

Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division

J. Thomas Clarkson*
Assistant United States Attorney
*Lead Counsel*

James P. Mooney
Special Assistant United States Attorney
*Co-Counsel*