# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,      )
                               )
v.                             )          CR418-153
                               )
FRANK H. BYNES, JR.,           )
                               )
    Defendant.             )

## REPORT AND RECOMMENDATION

Before the Court are defendant's First Motion to Dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 7(c), doc. 97, defendant's First Motion to Dismiss Indictment as Unconstitutionally Vague, doc. 98, and defendants First Motion to Strike Surplusage, doc. 99. For the following reasons, the motions should be **DENIED**.

## BACKGROUND

Defendant was indicted in a 48-count indictment in June of 2018. Doc. 3.   Counts 1-39 were for unlawful dispensation of controlled substances in violation of 21 U.S.C. § 841(a)(1) and counts 40-48 were for health care fraud in violation of 18 U.S.C. § 1347.  *Id.*  An initial appearance was held on June 21, 2019, and he was arraigned on June 27,

2018.  Doc. 8, doc. 27.  Discovery commenced and defendant requested that the Court approve an expenditure for an expert on October 31, 2018 and November 28, 2018.  Docs. 54 & 56.  The Court granted that motion on December 3.  Doc. 57.  However, the case did not proceed to trial as a superseding indictment was filed on April 3, 2019, reducing the number of counts to 17.[1]  Doc. 71.  As with his initial indictment, the charges are divided into two types; counts 1-14 are for unlawful dispensation of controlled substances in violation of 21 U.S.C. § 841(a)(1) and counts 15-17 are in for health care fraud in violation of 18 U.S.C. § 1347.  *Id.*  Defendant filed two motions to dismiss the superseding indictment—one arguing that it is faulty under Federal Rule of Criminal Procedure 7(c) and one arguing that it is unconstitutionally vague—and one motion to strike surplusage.  Docs. 97-99.  For the following reasons, they should be **DENIED**.

---

[1] The Court notes that, after review of the superseding indictment, it appears that the Government only retained a single count from the original indictment.

## ANALYSIS

### I.  Motion to Dismiss Indictment Pursuant to Federal Rule of Criminal Procedure 7(c).

Defendant argues that the indictment is defective under Fed. R. Crim. Pro. 7(c)(1).  Doc. 97.  He argues that Counts 1-14 fail to adequately allege an *actus reus* or to provide an adequate basis for distinguishing negligence or regulatory matters from a criminal drug-dealing activity.  Doc. 97-1 at 2.  He claims that the lack of specific allegations of "drug dealing as conventionally understood" makes the indictment defective.  *Id.*  He also challenges the allegations that he did not do something "adequately," "sufficiently," or "thoroughly" as these are value judgments.  *Id.* at 8-10.  He also argues that the indictment does not claim that the patients treated actually lacked a legitimate need for the substances prescribed.  *Id.* at 9.  He contests the allegations that he "failed to act" are merely a reflection that he exercised poor medical judgment and was a bad doctor not that he is criminally liable.  *Id.* at 10. He likewise argues that the Government should be required to plead that defendant had actual knowledge that the prescribed medications would not be used for medicinal purposes.  *Id.* at 12.  He also argues that the Government must show that he dispensed a controlled substance

knowingly and intentionally, and that he did so without a legitimate medical need. *Id.* Finally, he argues that the counts fail to adequately allege the essential element of *mens rea*. *Id.* at 14-15.[2]

As to Counts 15-17, defendant argues that the indictment fails to adequately allege *mens rea* and that the counts cannot be based on the prescribing conduct alleged as that conduct involved merely treatment decisions. *Id.* at 18-20. Similarly, defendant contends that the allegations in the indictment cannot be predicated on HCBP (Health Care Benefit Providers) policies and decisions, or industry practices alone as these regulations lack the force of law. *Id.* at 22.

The Sixth Amendment right of an accused "to be informed of the nature and cause of the accusation," U.S. Const. amend. VI, is implemented by Fed. R. Crim. P. 7(c), which requires that an indictment set forth "a plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient under the Constitution and Rule 7(c) if it (1) sets forth the elements of the charged offense in a manner which thoroughly informs the defendant

---

[2] Defendant also alleges that Counts 1-14 fail to give adequate notice of what defendant must prepare to meet. Doc. 97-1 at 18. Because this question goes to the heart of whether the indictment is vague, the Court addresses it in § II *supra*.

4

of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *United States v. McMath*, 2013 WL 5799004 at * 4 (S.D. Ga. Oct. 16, 2013). An indictment is generally sufficient if it simply parrots the wording of the statute itself, provided the statutory language sets forth all the elements of the offense. *Hamling*, 418 U.S. at 117; *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007). Ultimately, " 'the appropriate test . . . is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards.' " *United States v. McGarity*, 669 F.3d 1218, 1235-36 (11th Cir. 2012) (*quoting United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981)). Thus, if the indictment quotes the statutory language and provides a date and place for the alleged criminal activity, there is no further requirement to detail the factual proof that will be relied upon. *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978); *accord United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014).

5

In the case of Counts 1-14, the indictment alleges for each circumstance that defendant unlawfully dispensed a controlled substance in violation of 21 U.S.C. § 841(a)(1).  The indictment also alleges that on a particular date, defendant knowingly and intentionally dispensed particular controlled substances to particular individuals in particular quantities and that he did it not for a legitimate medical purpose and not in the usual course of professional practice.  Likewise, the remaining counts alleging healthcare fraud state that defendant submitted false and fraudulent claims to Medicare, Tricare, or Medicaid on particular dates for particular controlled substances dispensed to particular beneficiaries; that each claim costs a particular amount of money; and that defendant knew that the prescriptions were not issued for a legitimate medical purpose by an authorized individual practitioner acting in the usual course of professional practice and, therefore were ineligible for reimbursement.  These allegations are sufficient under Rule 7(c) because they track the statutory language and adequately inform the defendant of the charges against which he must defend.  Although defendant quibbles with the language used the indictment, he does not allege that

he would be unable to plead or defend against the charges.[3]  Accordingly, the motion should be **DENIED**.

## II.   Motion to Dismiss Indictment as Unconstitutionally Vague.

Defendant alleges that Counts 1-14 are unconstitutionally vague because they fail to include any allegations of what would traditionally be considered drug dealing.[4]   Doc. 98-1 at 2.   He argues that the indictment's claims are based upon "perceived deficiencies in care, or faulty medical judgment".  *Id.*  He claims that the Controlled Substances Act ("CSA") under which defendant was charged is unconstitutional, facially and as applied, because treatment of patients with chronic pain is constitutionally protected by the First and Fourteenth Amendment. Defendant argues that because pain management treatment is a "complex landscape of scientific and ethical issues where the answers are seldom clear," that attempts to regulate it run afoul of the constitution. Doc. 98-1 at 7.   He also alleges that the CSA fails to "provide the

_____

[3] To the extent defendant seeks to challenge the sufficiency of the evidence, that issue is not before the Court.

[4] During the hearing on the motions, defendant's counsel acknowledged that there was little significance to whether a physician engaged in "traditional drug dealing activities" as it was not relevant to the constitutional inquiry.

physician with sufficient breathing space to exercise the discretion and professional judgment necessary to make complex scientific and ethical decisions." *Id.* at 15.

The Supreme Court has acknowledged that registered physicians "can be prosecuted under section 841 when . . . their activities fall outside the usual course of professional practice." *United States v. Moore*, 423 U.S. 122, 124 (1975). Numerous courts have found that the terms "legitimate medical purpose" and "usual course of professional practice," *United States v. Robinson*, 253 F. Supp. 3d 1, 2 (D.D.C. 2017), are not vague as applied to health care professionals.[5]   Indeed, this

---

[5] Specifically, the District Court for the District of Columbia stated that

> The Court notes that numerous courts that have considered vagueness challenges like Defendant's have similarly concluded that section 841 is not vague as applied to health care professionals. *See, e.g., United States v. Rosenberg*, 515 F.2d 190, 197 (9th Cir.), cert. denied, 423 U.S. 1031, 96 S. Ct. 562, 46 L.Ed.2d 404 (1975) (rejecting argument "that the phrase 'in the course of professional practice' is so vague that it violates the due process clause of the Fifth Amendment."); *United States v. Collier*, 478 F.2d 268, 270 (5th Cir. 1973) (rejecting "contention ... that § 841(a)(1), as applied to physicians, is unconstitutionally vague"); *United States v. Darji*, 609 Fed. App'x. 320, 334 (6th Cir. 2015) ("this Court has rejected the claim that § 841 and § 1306.04(a) are void for vagueness"); *United States v. Orta–Rosario*, 469 Fed. App'x. 140, 143 (4th Cir.), cert. denied, 568 U.S. 902, 133 S. Ct. 311, 184 L.Ed.2d 185 (2012); (rejecting argument of medical doctor that the CSA is impermissibly vague as applied to him because "there is no statutory definition of 'legitimate medical purpose' or 'usual professional practice.' "); *United States v. Brickhouse*, No. 3:14-CR-124, 2016 WL

district has already dealt with an identical challenge to the constitutionality of the CSA as it applies to physicians.  *United States v. Bird*, 2017 WL 9482459 (S.D. Ga. Sept. 27, 2017).  In that case, the defendant alleged that the CSA was unconstitutionally vague because it contained no uniformly defined "standard of care."  He cited to *United States v. Collier*, 478 F.2d 268, 270 (5th Cir. 1973)[6] where that court held

---

2654359, at *4 (E.D. Tenn. Mar. 30, 2016) ("The Court disagrees that § 841(a)(1) and the regulation at § 1306.04 leave medical practitioners rudderless and adrift in the murky waters of criminal liability."); *United States v. Quinones*, 536 F. Supp. 2d 267, 274 (E.D.N.Y. 2008) (rejecting vagueness argument because the phrase "within the usual scope of professional practice" has an "objective meaning that prevents arbitrary prosecution and conviction: Neither the government nor the jury is free to impose its own subjective views about what is and is not appropriate; rather, the government is obliged to prove, and the jury constrained to determine, what the medical profession would generally do in the circumstances."); *United States v. Birbragher*, 576 F. Supp. 2d 1000, 1013 (N.D. Iowa 2008), aff'd, 603 F.3d 478 (8th Cir. 2010) ("courts have held the language 'legitimate medical purpose' and 'usual course of his professional practice' is not unconstitutionally vague as applied to physicians"); *United States v. Prejean*, 429 F. Supp. 2d 782, 805 (E.D. La. 2006) (rejecting argument that this framework is vague because "the medical community has not established clear, nationwide standards for what is considered 'legitimate medical purpose' in the field of pain management."). Although Defendant is correct to note that the case law cited by the government is not from within this Circuit, and is accordingly not binding on the Court, the Court nevertheless finds these opinions highly persuasive.

253 F. Supp. 3d at 3.

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

"in the course of his professional practice" restricts a physician to "dispensing or prescribing drugs in the bona fide treatment of a patient's disease."  The Court determined that the standard was not vague merely because it does not "delineate the precise circumstances constituting the bounds of permissible practice." *Id.*

A similar logic applies in this case.  The language defendant identifies is neither vague on its face, nor is it subject to arbitrary and discriminatory enforcement.  All that is required of a criminal statute is that it "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted).  In other words, the law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly," and cannot leave government actors "free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *United States v. Matchett*, 837 F.3d 1118, 1122 (11th Cir. 2016) (internal quotations omitted).  The CSA is not void for vagueness merely because it does not "delineate the precise

circumstances constituting the bounds of permissible practice. . . ." *Collier*, 478 F.2d at 272.  Moreover, as cited above, numerous courts—including this Court—have already rejected the very arguments defendant now brings.  *See supra,* note 5.

Although unclear, defendant also appears to argue that the health care fraud claims are likewise vague.  He argues that to the extent the charges are based on CPT codes, the rules of HCBPs, or industry practice, they are unconstitutional.  Doc. 98-1 at 23.  However, defendant provides no citations to for this argument and there is no evidence in the indictment that the Government relied on these codes in any way.  Considering the arguments made during the hearing, along with the significant case law in opposition to defendant's position, the Motion to Dismiss should be **DENIED**.

## III.   Motion to Strike Surplusage.

Finally, defendant argues that the Government has "charged [him] with serious crimes supported by empty surplusage simply designed to sensationalize this case for the media and titillate and prejudice the trial jury."  Doc. 99-1 at 1.  Defendant requests that the Court strike the following paragraphs in the indictment:

11

1. Page 2, paragraph 3 as it includes the language "massive," "including a high-risk cocktail of opioids," "unholy trinity," or "Houston Cocktail."

2. Page 2, paragraph 4 – "Bynes accepted only cash and refused to accept insurance for his own office visits, requiring patients to pay hundreds of dollars per visit."

3. Page 2 paragraph 6, subparagraph a – "By prescribing controlled substances while or after engaging in unprofessional conduct with female patients"

4. Page 3, paragraph 6, subparagraph e – "By falsely representing to certain patients that he was affiliated with the 'Department of Justice' or the "DEA" and displaying to certain patients a "badge."

5. Page 4, paragraph 7 – "In total, Bynes' operation distributed millions of dosage units of controlled substances within the Southern District of Georgia and elsewhere and obtained hundreds of thousands of dollars, which he used for his own use and enjoyment and the use and enjoyment of others.

Doc. 99-1 at 2-3. Defendant claims that these allegations are prejudicial to defendant and are calculated solely to inflame the emotions of the jury. *Id.* at 3. He argues that the statements are unrelated to the elements of the crimes charged and that cases from other districts have struck such language. *Id.* at 3-4.

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). Generally,

these motions should be denied " 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.' " *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (*quoting United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990)). "This is a most exacting standard." *Id.* (internal punctuation and citation omitted). As a result, a motion to strike surplusage "will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Mulder*, 273 F.3d 91, 99 (2d Cir. 2001) (emphasis added) (internal citation omitted).

Striking surplusage in an indictment is an extremely high bar and based on the proffered allegations, as well as the argument provided during the hearing, defendant does not appear to have met the bar. Each of these allegations is relevant to the picture the Government will likely paint at trial, and explains the circumstances leading to the determination that defendant was not dispensing these medications for a "legitimate medical need." While the Court understands that some of the statements have a certain element of "shock value" they are clear components of the charged allegations. As such the Court will not strike the language at this time.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss (doc. 97, doc. 98) and motion to strike surplusage (doc. 99) should be **DENIED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of

August, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA