# In the United States District Court for the Southern District of Georgia Savannah Division

```
UNITED STATES OF AMERICA,       )
                                )
    v.                          )      CR 418-153
                                )
FRANK H. BYNES, JR.,            )
                                )
    Defendant.                  )
```

### ORDER

Before the Court is Defendant Frank Bynes, Jr.'s motion for bond and appointment of counsel. Dkt. No. 219. The Government has responded in opposition, dkt. no. 219, and the matter is ripe for review.

### BACKGROUND

In October 2019, a jury found Defendant guilty of thirteen counts of unlawful dispensation of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and three counts of health care fraud, in violation of 18 U.S.C. § 1347. Dkt. No. 152. In February 2020, the Court sentenced Defendant to a total term of 240 months' imprisonment with the Bureau of Prisons. Dkt. No. 185. Defendant appealed. Dkt. No. 183. On March 30, 2022, the Eleventh Circuit Court of Appeals found "no arguable issues of merit" in Defendant's appeal and affirmed his conviction and sentence. Dkt. No. 217 at 2. On April 25, 2022, Defendant

petitioned the Court of Appeals for a rehearing.  See United States v. Bynes, No. 20-10673 (11th Cir.).  Then, on May 6, 2022, Defendant moved this Court for both bond and appointment of counsel.  Dkt. No. 218.

On May 27, 2022, the Court of Appeals denied Defendant's petition for rehearing.  Bynes, No. 20-10673 (11th Cir.).  On June 6, 2022, the Court of Appeals entered the mandate on Defendant's appeal.  Id.

## DISCUSSION

### I.  Motion for Bond

First, Defendant requests the Court grant him bond pending his appeal and the U.S. Supreme Court's future decision in Ruan v. United States, No. 20-1410, 142 S. Ct. 457 (certiorari granted Nov. 5, 2021); see also Ruan v. United States, No. 20-1410, 2021 WL 1312940 (11th Cir. Apr. 5, 2021) (petition for certiorari presenting question of "whether a physician alleged to have prescribed controlled substances outside the usual course of professional practice may be convicted under [21 U.S.C. § 841(a)(1)] without regard to whether, in good faith, he 'reasonably believed' or 'subjectively intended' that his prescriptions fall within that course of professional practice"). Defendant's motion is **DENIED**.

To the extent Defendant requests bond pending his Eleventh Circuit appeal, his motion is **DENIED as moot**.  The Court of Appeals

denied his petition for rehearing and issued the mandate on its opinion affirming Defendant's conviction and sentence. His appeal, therefore, has concluded.

To the extent Defendant requests bond pending the U.S. Supreme Court's decision in Ruan, his motion is **DENIED**. The Eleventh Circuit has stated, "[t]he grant of certiorari on an issue does not suggest a view on the merits. We don't know how the Supreme Court is going to decide the issues on which it has granted review[.]" Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1299 (11th Cir. 2007); see also Gissendaner v. Comm'r, Georgia Dep't of Corr., 779 F.3d 1275, 1284 (11th Cir. 2015) ("Our decision in Schwab is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari. . . . Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits."). Accordingly, the Supreme Court's grant of certiorari in Ruan does not affect Defendant's conviction and sentence at this juncture.

**II.  Motion for Appointment of Counsel**

Defendant also requests appointment of counsel. Dkt. No. 218 at 5. That motion is also **DENIED**. "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Here,

3

Defendant's appeal has concluded, and there is no case pending before this Court for which Defendant could be appointed counsel.

## CONCLUSION

Defendant's motion for bond and appointment of counsel, dkt. no. 218, is **DENIED**.

**SO ORDERED** this 8th day of June, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA